# SETTLEMENT AGREEMENT

WHEREAS, this Settlement Agreement (hereafter "Agreement") is made by and between the Plaintiffs and the Defendants in the case captioned <u>Cintron v. Vaughn</u>, pending in the United States District Court for the District of Connecticut, Case No. 3:69CV13,578 (EBB) and before the Second Circuit Court of Appeals for the Second Circuit, Case No. 07-5757-cv; and

WHEREAS, in June of 1973, the parties entered into a "Settlement Stipulation" that was entered as a decree of the court on or about June 18, 1973; and

WHEREAS, the purpose of this Agreement is to resolve fully and finally and dispose of all differences and issues to date between the Plaintiffs and the Defendants;

The parties agree that the "Settlement Stipulation" is amended as follows:

1. The Defendants agree to: implement the revised Citizen's Complaint Procedure (attached hereto as Exhibit A), to become effective immediately; and implement the revised Hartford Police Department General Orders 1-21 and 1-22 (attached hereto as Exhibit B & C) to become effective immediately except that investigations called for in Order 1-22 shall not be performed by IAD personnel until completion of training of IAD personnel, which shall occur no later than April 30, 2010. Until such training is completed, such investigations shall be performed by Major Crimes Division personnel. If a sufficient number of IAD personnel are not trained by June 30, 2010, a sufficient number of Major Crimes investigators will be assigned to IAD investigations until IAD personnel are trained. These shall supersede the current orders and the procedure approved by the court on June 30, 2004 and shall not be materially changed except by written mutual consent of the parties by stipulation or approval of the federal court.

2. The parties further agree to the principles set forth in the Recruitment and Promotion Statement, attached as Exhibit D.

3. The parties jointly agree to petition U.S. District Judge Ellen Bree Burns to vacate the rulings and findings contained in her "Ruling on Defendants' Objections to Special Master's Report on Motion for Contempt" filed November 29, 2007. In the event that Judge Burns agrees to vacate the rulings and findings contained in such Ruling, the parties agree to withdraw the appeal currently pending before the United States Court of Appeals for the Second Circuit, encaptioned, <u>Maria Cintron et al. v. Thomas Vaughn et al.</u>, 07-5757-cv. In the event that Judge Burns does not agree to vacate the rulings and findings contained in her Ruling, the Defendants and the Mayor of the City of Hartford shall have the option to pursue the appeal. At the time of the signing of this Agreement, the Plaintiffs agree to execute the Withdrawal of Appeal papers appended hereto as Exhibit E, which the Defendants shall hold in escrow until up to twenty-one (21) days after Judge Burns decides whether or not to vacate her Ruling. Further, the parties agree to execute any documents necessary to keep the appeal pending until at least twenty-one (21) days after Judge Burns decides whether or not to vacate her Ruling.

4. The parties agree that any pending Motions for Contempt will be withdrawn and/or that such motions may be denied as moot by the Court. In order to accomplish these objectives, the parties agree to execute the document attached hereto as Exhibit F.

5. The Plaintiffs agree that, by the execution of this Agreement, they do for themselves, their heirs, executors, administrators, parents, guardians, subsidiaries, assigns and anyone claiming for or through them, waive, release, give up and forever discharge the Defendants, the Mayor of the City of Hartford and the City of Hartford, its agents, elected officials and its current and former employees of and from any and all claims of contempt of court in this case from the beginning of time to the date of execution of this Agreement. In other words, the Plaintiffs waive any claims of contempt against the Defendants, the Mayor of the City

of Hartford and/or the City of Hartford, its agents, elected officials and its current and former employees for any acts or conditions existing through the date of the signature of this Agreement. The parties understand that any acts or conditions for violations of this Agreement occurring after the signing of this Agreement may be the basis for a future claim of contempt asserted by the Plaintiffs, to the court, which matters may be heard by a Special Master. In addition, the parties agree that the U.S. District Court for the District of Connecticut shall retain jurisdiction to enforce this Settlement Agreement which amends and includes the 1973 Settlement Stipulation including remedies available for contempt. <u>See</u> 1973 Settlement Stipulation at §V, p.11.

6. The parties agree that the Court may enter an Order to Show Cause why any Consent Decree[1] should not be dissolved. For the Court's convenience, the parties have attached a draft Order to Show Cause as Exhibit F hereto. The Plaintiffs may respond to the Order to Show Cause contemplated in Exhibit F on or before October 31, 2014. Defendants agree to provide a reminder notice on or before June 15, 2014, via certified mail or its equivalent, to Plaintiffs' counsel and to those Plaintiffs identified in writing by Plaintiffs, assuming they exist or are an entity in good standing and have an active mailing address. Plaintiffs shall provide a written list of all Plaintiffs with their correct addresses on or before June 1, 2014. Failure of Plaintiffs to provide such written list in a timely manner shall relieve any obligation of the Defendants to provide Plaintiffs with any reminder notice. The Defendants agree not to file a Motion to Dissolve any Consent Decree prior to October 31, 2014. Also, the parties agree that any hearing on such Order to Show Cause shall not occur prior to October 31, 2014.

---

[1] The Defendants do not agree that there is a consent decree in this case, only a Settlement Stipulation entered in 1973. Any reference to "any Consent Decree" herein is meant to encompass any continuing duties under the Settlement Stipulation.

7. The parties further agree that for the period of time from the signing of this Agreement through the dissolution of any Consent Decree, the City of Hartford and the Mayor of the City of Hartford (or Chief Executive Officer of the City, pursuant to the City Charter), and the Chief of Police, in their respective official capacities, will be considered Defendants in this case.

8. The parties further agree that the Corporation Counsel for the City of Hartford shall:

 a. forward to counsel for the Cintron Negotiating Committee, once per fiscal year, a listing of settlements made by the City of Hartford in cases alleging police misconduct, including, where permitted by the terms of the applicable settlement agreement, the amount of such settlement and the name(s) of the officer defendants; and

 b. forward to the Chief of Police a copy of any notices of intent to sue that he or she receives, which allege police misconduct. A listing of such notices of intent shall be maintained by the Corporation Counsel's office and Plaintiffs may view such listings or may obtain copies thereof upon reasonable request.

9. Procedure for Filing Any Contempt Motions. The parties agree that before any contempt proceedings may be commenced, the parties will meet and confer in an effort to: determine whether a dispute exists; determine whether the dispute may be resolved without intervention by the court; and, in the event that the parties cannot resolve the dispute amongst themselves, to clearly define the issues to be resolved by the court in any such proceeding. Further, the parties agree that, after meeting amongst themselves and before any motion for contempt may be filed by either party, the parties must attempt mediation before U.S. Magistrate

Judge Joan Glazer Margolis or, if she is unavailable or unwilling to do so, another Magistrate Judge or Parajudicial Officer appointed by the Court. If the parties fail to reach agreement after such mediation, either party may file a contempt motion. The parties further agree that for a matter to arise to the level requiring contempt proceedings, the alleged violation must be of a serious nature and that, for example, the Defendants' alleged failure to provide members of the Civilian Police Review Board or the Firearms Discharge Board of Inquiry with a document (or similar de minimis violation) does not provide a basis for contempt.

10. Special Master for Contempt Proceedings. The parties agree that any contempt motions may be initially heard by a Special Master. Any Special Master may be appointed by the court in accordance with Federal Rule of Civil Procedure 53(a) and the Special Master's duties shall be limited to hearing the contempt issues identified through the process described in paragraph 9 above and issuing a report. The Special Master's Report shall be acted on in accordance with Rule 53(f). Additionally, the court will fix the compensation rate for the Special Master and allocate payment responsibility therefore among the parties, in accordance with Federal Rule of Civil Procedure 53(g), prior to the commencement of any hearings before a Special Master.

11. The Chief of Police shall be responsible for making available all Findings, Concomitant Findings and Recommendations of the Firearms Discharge Board of Inquiry and the final response from the Chief of Police for filing with the Hartford Public Library, to the extent that the Hartford Public Library wishes to maintain such materials.

12. The parties agree that, in the event that the Plaintiffs wish to review specific Hartford Police Department orders mentioned in the 1973 Settlement Stipulation to ensure compliance with the 1973 Settlement Stipulation and this Agreement, they shall make a written

request to the Corporation Counsel's Office for copies of such orders and any progeny on or before October 31, 2011, which will then be provided within thirty days of receipt of the request.

    13.    The parties agree to the payment of attorneys' fees and costs as follows:

    a.    On or before March 31, 2010, a check made payable to "Sydney Schulman, Esq." in the amount of sixty-two thousand, five hundred dollars ($62,500) for attorneys fees shall be issued;

    b.    On or before March 31, 2010, a check made payable to "Sydney Schulman, as trustee for Joseph Moniz" in the amount of sixty-two thousand, five hundred dollars ($62,500) for attorneys fees shall be issued for fees incurred prior to May 2009;

    c.    On or before March 31, 2010, a check made payable to Sydney T. Schulman, Trustee, in the amount of ten thousand dollars ($10,000) for expenses associated with implementing this Agreement shall be issued;

    d.    On or before July 31, 2010, a check made payable to "Sydney Schulman, Esq." in the amount of sixty-two thousand, five hundred dollars ($62,500) for attorneys fees shall be issued; and

    e.    On or before July 31, 2010, a check made payable to "Sydney Schulman, as trustee for Joseph Moniz" in the amount of sixty-two thousand, five hundred dollars ($62,500) for attorneys fees shall be issued for fees incurred prior to May 2009.

14. The parties to this Agreement agree not to petition any court or administrative agency for any attorneys' fees as a prevailing party in connection with this Agreement or the previously filed Motions for Contempt. The parties agree that attorneys' fees through the date that this Agreement is signed have been adequately addressed in this Agreement.

15. The parties agree that this Agreement shall be final and binding. The parties agree not to challenge the enforceability, legality, or final and binding nature of this Agreement in any court or other forum.

16. This Agreement shall be binding upon, inure to the benefit of, and be enforceable by and against the respective heirs, estates, legal representatives, successors and assigns of the parties to this Agreement.

17. This Agreement shall be interpreted, enforced, and governed under the laws of the State of Connecticut.

18. This Agreement represents a modification of the "Settlement Stipulation" and, taken together with "Settlement Stipulation", constitutes the complete understanding of the parties and no other promises or agreements shall be binding or modify this Agreement unless in writing and signed by both parties. If any provision of this Agreement is determined by a court to be unenforceable, it is the intention of the parties that the remainder of this Agreement remain in full force and effect.

19. The parties specifically acknowledge that there is valid and sufficient consideration contained in and for this Agreement.

20. The parties acknowledge that they have thoroughly reviewed this Agreement, understand its terms, have had sufficient opportunity to consider its terms and to obtain legal advice and counsel about all aspects of this Agreement prior to signing it.

21. The parties acknowledge and understand that this Agreement is intended to resolve fully and finally this case to date and the release contained herein will survive the dissolution of any Consent Decree.

22. The parties further agree that notice of this Settlement Agreement has been made to the class via publication in the Hartford Courant, The Northend Agent's, The Inquiring News and La Identidad (in the form set forth in Exhibit H hereto) over the course of one week. The parties agree that such publication is sufficient for the class.

IN WITNESS WHEREOF, the parties have hereunto set their hands.

THE PLAINTIFFS

By: /s/
Sydney T. Schulman
Their duly authorized attorney

Acknowledged as his/her knowing and voluntary act before me this 18th day of February, 2010.

/s/
Joseph W. McQuade
Commissioner of the Superior Court

THE DEFENDANTS

/s/
JOHN ROSE, JR.
Corporation Counsel for the City of Hartford

Acknowledged as his/her knowing and voluntary act before me this 18th day of February, 2010.

/s/
Joseph W. McQuade
Commissioner of the Superior Court
38643