UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARIA CINTRON, ) | CIVIL ACTION NO. |
| LA CASA DE PUERTO RICO, ET AL ) | 3:69CV13578 (EBB) (JGM) |
| PLAINTIFFS ) | |
| ) | |
| v. ) | |
| ) | |
| THOMAS VAUGHAN, ET AL ) | OCTOBER 10, 2022 |
| DEFENDANTS ) | |

## MOTION FOR CONTEMPT

### I. INTRODUCTION.

In June 1973, a Consent Decree was issued by the Court in the above-entitled matter (the "1973 Agreement"). In February 2010, a supplementary decree was entered by the Court amending the 1973 Agreement to incorporate updated agreements of the parties (the "2010 Supplement"). According to both agreements, in the event of further disputes, the parties would first engage in discussion as to whether a dispute exists, whether the dispute may be resolved without intervention by the Court and to clearly define the issues to be resolved by the court in any contempt proceeding. If those conversations are to be unsuccessful, the parties agreed to attempt mediation before U.S. Magistrate Judge Joan Glazer Margolis, or if she is unavailable or unable to do so, before another Magistrate Judge or Parajudicial Officer appointed by the Court.

[1]

All such efforts have been undertaken since 2015 to no avail. While the parties appeared to come to agreement on certain issues, the defendants have refused to acknowledge such agreements in writing and, thus, are incorporated in this Motion for Contempt. Pursuant to the 2010 Agreement, the City of Hartford and the Mayor of the City of Hartford are considered defendants in this case and will be referred to in kind.

## II. FACTUAL BACKGROUND.

This matter was commenced in November, 1969. It essentially made three claims against the defendants sounding in: (1) Excessive use of force by police upon members of the community; (2) Discrimination in hiring and promotion within the Hartford Police Department; and (3) Inadequate protection of citizens of Hartford by the Hartford Police Department.

## III. ARGUMENT.

Contained in the 1973 Agreement and the 2010 Supplement are certain remedies which the defendants agreed to follow. Such promises to abide by the remedies proscribed by this Court have been violated in the following ways:

<u>A. 2010 Supplement Attachments B and C – Attachment B, Section II (B) (1)</u>

This section of the 2010 Supplement requires the immediate investigation of officer discharge of firearms, even if the State Police are also conducting a criminal investigation of the officer and the discharge of firearm. The investigation by the defendants is an

[2]

administrative one to determine if any Hartford Police Department policies or procedures have been violated. Should the State of Connecticut conduct an investigation to determine whether there are criminal charges to be filed, the investigation done by the defendants must take place <u>concurrently</u>. The results of such investigation are to be given to the Firearms Discharge Board of Inquiry for analysis.

Per the 2010 Supplement, the Firearms Discharge Board of Review and the Chief of Police are to finalize cases and complaints of firearms discharges within the time periods set forth in §§ 1-21 and 1-22 of Police Policy Procedures.

**In four separate instances, the defendants have violated this provision of the 2010 Supplement**, three of which occurring over the last four years. HPD Case #2018-36782 (regarding Officers Fallon and Kearney); HPD Case #2018-34803 (regarding Officer Christopher White); HPD Case #2020-39803 (regarding Officer Ashley Martinez); HPD Case #2005-10664 (regarding Officer Robert Lawlor).

The defendants have argued that they have been willfully violating this provision of the 2010 Supplement for fear of interfering with the State of Connecticut's investigation of potential criminal charges. However, in fulfilling their obligations to inquire into potential breaches in police policy or procedure, the defendants would not be interfering in a potential criminal investigation. The defendants are looking for different violations than that of the

[3]

duty of the State's investigation. While the State is looking for violations of criminal law, the defendants are looking for administrative violations. Further, the State of Connecticut's criminal investigation can take over a full year to complete. By waiting until after the State's investigation is concluded is *per se* a violation of the 2010 Supplement

The defendant's decision to simply refuse to conduct an investigation until the State of Connecticut conducts its investigation is a willful and unacceptable violation of the timelines set forth in the 2010 Supplement.

B. 2010 Supplement Attachment D, § I A, ¶ 1 – 4, and § I B.

This section of the 2010 Supplement provides that the Hartford Police Department will take affirmative steps in the interest of forming a core of police officers which accurately reflects the Hartford community. Such promises reiterated in the 2010 Supplement have been an essential facet of the *Cintron* disposition and have been present in every iteration of agreement since 1973. Over the years, these affirmative steps have taken on different meanings. In the context of police departments today, the leading experts on affirmative action suggest favorable hiring practice for historically marginalized groups, community recruitment, and development of a favorable public image of the local police department to foster community relations, among other suggestions. The goal of this section is not for the Hartford Police Department to merely go through the motions of affirmative action, rather for

[4]

it to show unequivocally that their department reflects the Hartford community in both ethnic and racial make-up but also in terms of hiring from residents of the community. Affirmative action is simply the vehicle for this goal.

While the defendants have expressed good intentions in the almost fifty years since the 1973 Agreement, there has been virtually no improvement in the racial or city resident makeup of the sworn officers of the Hartford Police Department. At the time of the 2010 Supplement, enacted twelve years ago, roughly 33% of the Department consisted of sworn officers who identify as nonwhite. As of this date, it is the plaintiffs' understandings that still only 34.8% of the current Hartford Police Department identifies as nonwhite (and there are few statistics available as to how many of those are also Hartford residents).

Being that the City of Hartford is well over fifty-percent nonwhite, the inability for the Hartford Police Department to shape its core of police officers to reflect the communities in which they serve can only be presumptively attributed to invidious discrimination.

In the Original Agreement, the defendants agreed to recruit within the appropriate labor market to reflect the minority community. The defendants have not done this effectively. The defendants have not effectively worked with community groups including those community groups of the *Cintron* negotiation committee in their attempt to recruit minority applicants. The defendants have not effectively worked in conjunction with any national affinity

[5]

organizations in order to form a core of officers who reflect the Hartford community. The defendants have not made effective use of their cadet program, nor have the canvassed Hartford area schools including the community colleges, to recruit either minority candidates or Hartford residents to their cadet program. Being that cadet programs are meant to both establish a pipeline to the Hartford Police Department, and foster better community relationships, the defendant's failure to effective utilize this recruitment tool is telling.

The material failures of the defendants to effectively utilize the various modes of adequately forming their police department to reflect the Hartford community is in and of itself a violation of the Original Agreement.

C. Original Agreement § II, ¶ 14 at 7.

Section two, paragraph fourteen of the Original Agreement ("Paragraph Fourteen") provides that "The Hartford Police Department shall assist persons in obtaining warrants for the arrest of suspects by taking sworn complaints and forwarding them to the prosecutor."

Plaintiff's counsel has themselves encountered specific violations of Paragraph Fourteen of the Original Agreement. In response to the plaintiff's protest, the defendants have argued that police officers are only required to take statements for the purposes of obtaining an arrest warrant if the *officer* determines that there is probable cause that a crime has been committed.

This line of reasoning is putting the proverbial cart before the horse. Per Paragraph

[6]

Fourteen, in obtaining an arrest warrant the duty of the police officer is to collect the relevant evidence including a sworn statement to bring to the State's Attorney's office. It is then the State's Attorney's office who determines whether there is probable cause to issue an arrest warrant, *not the officer*. Per Paragraph Fourteen, officers must take sworn complaints from citizens seeking to obtain an arrest warrant. Failure to do so is a *per se* violation of the Original Agreement.

## IV. REQUESTED RELIEF.

The plaintiffs request that the defendants be found in contempt of the 1973 Agreement and its 2010 Supplement for its failure to carry out its requirements and intent regarding its compliance with the above-cited sections of the 1973 Agreement and the 2010 Supplement. They also request an immediate order extending the Sunset provisions from the 2010 Supplement for another ten years, up to and including the year 2032, inasmuch as the Consent Decree in its entirety is set to expire October 31, 2022.

They also request that the Court issue an injunction mandating that the next five classes of Hartford Police Officers consist of at least 90% persons who either identify as nonwhite individuals and have lived in the City of Hartford for a considerable period of their lives, with such period to be proscribed by the Court.

[7]

Further, plaintiffs ask that it be required that the defendants submit in writing a plan to this Court, or to any Special Master the Court may see fit to appoint, and receive in writing the endorsement of the Court or Special Master of their plan to accomplish these objectives.

The plaintiffs further seek for the Court to issue an injunction ordering the Hartford Police Department to develop a plan, submitted to the Court or any Special Master the Court appointed by the Court, to train their officers to recognize when to take a sworn statement in all situations including those where residents seek to obtain an arrest warrant.

Additionally, the plaintiffs seek hearings on the matters set forth above with the Court or any Special Master as may be appointed by the Court. The plaintiffs ask that any fees for any Special Master appointed be borne by the defendants. Lastly, the plaintiffs seek counsel fees and costs.

[8]

*Respectfully Submitted*

*[signature: Sydney T. Schulman]*
Sydney T. Schulman, Esq.
Schulman & Associates
10 Grand Street, Second Floor
Hartford, CT 06106
Federal Bar No. ct 00070
*Attorney for Plaintiffs*

On the motion:

Anthony E. Lozier
Law Clerk, Schulman & Associates
10 Grand Street, Second Floor
Hartford, CT 06106

[9]

## **CERTIFICATION**

THIS IS TO CERTIFY that on a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing immediately. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Atty. Joseph W. McQuade
Kainen, Escalera & McHale, P.C.
21 Oak Street, Suite 601
Hartford, CT  06106
jmcquade@kemlaw.com

Atty. Howard G. Rifkin
Corporation Counsel
City of Hartford
550 Main St.
Hartford, CT  06103
howard.rifkin@hartford.gov

Atty. Nathalie Feola-Guerrieri
Sr. Assistant Corporation Counsel
City of Hartford
550 Main St.
Hartford, CT  06103
FEOLN001@hartford.gov

Helen Apostolidis
Bird & Apostolidis
P. O. Box 532
Middletown, CT 06457
birdandapostolidis@comcast.net

/s/ Sydney T. Schulman
Sydney T. Schulman
Schulman & Associates
10 Grand Street, Second Floor
Hartford, CT  06106
Federal Bar No. ct 00070
*Attorney for Plaintiffs*

[10]

SCHULMAN & ASSOCIATES
ATTORNEYS AT LAW
10 GRAND STREET • HARTFORD, CONNECTICUT 06106 • (860) 522-2960 • FAX (860) 522-0130 • JURIS NO. 54691