## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARIA CINTRON,<br>LA CASA DE PUERTO RICO, ET AL<br>PLAINTIFFS | CIVIL ACTION NO.<br>3:69CV13578 (EBB) (JGM) |
| v. | |
| THOMAS VAUGHAN, ET AL<br>DEFENDANTS | OCTOBER 21, 2022 |

## RESPONSE TO ORDER TO SHOW CAUSE

### I. INTRODUCTION

Pursuant to Section six of the 2010 supplemental consent decree, the plaintiff's hereby submits this motion showing good cause as to why the original Consent Decree and all supplements should not be dissolved. For the following reasons, the plaintiffs respectfully request this Court not dissolve the consent decree

### II. FACTS AND PROCEDURAL POSTURE

This matter was commenced in November, 1969 resulting in a Consent Decree issued by this Court in June, 1973. It essentially made three claims against the defendants sounding in: (1) Excessive use of force by police upon members of the community; (2) Discrimination in hiring and promotion within the Hartford Police Department; and (3) Inadequate protection of citizens of Hartford by the Hartford Police Department.

1 |

In 2010, the parties agreed to a supplemental agreement which would affect the 1973 agreement. Per such agreement, "The parties agree that the Court may enter and Order to Show Cause why any Consent Decree should not be dissolved." 2010 Supplemental agreement § 6, at 3 (footnote omitted). This Court issued such an Order to Show Cause on February 18, 2010 (No. 229). The deadline for a reply to the Order to Show Cause from the plaintiffs has been extended, granting the plaintiffs until October 31, 2022 to reply. (No. 271).

### III. ARGUMENT

*A. The plaintiffs have a Pending Motion for Contempt, the disposition of which is essential to whether or not the Consent Decree should be dissolved, presenting good cause to not dissolve the Consent Decree at this point.*

The plaintiffs have set forth a Motion for Contempt (No. 273) alleging violations of the Consent decree. For the purposes of this reply, the plaintiffs adopt the reasoning and analysis of the Motion for Contempt to this reply. In brief, the Motion for Contempt alleges: (1) failures of the defendants to properly carry out internal investigations related to firearm discharges for the purposes of furnishing the Firearm Discharge Board of Inquiry with a report in a timely manner; (2) failure of the defendants to take affirmative and effective steps to form a core of police officers which accurately reflects the Hartford community; and (3) failure of the defendants to take sworn statements in assisting citizens of Hartford in pursuing arrest warrants. All three of the above mentioned are direct infractions of the Consent Decree and its supplements.

Being that there is a standing Motion for Contempt and allegations of a failure to uphold the Consent Decree, there is good cause to not dissolve the agreement at least pending the disposition of the Motion for Contempt. The outcome of that motion will be instrumental for the demonstration of cause to not dissolve the agreement.

SCHULMAN & ASSOCIATES
ATTORNEYS AT LAW
10 GRAND STREET • HARTFORD, CONNECTICUT 06106 • (860) 522-2960 • FAX (860) 522-0130 • JURIS NO. 54691

*B. Alleged progress by the defendants is a direct result of the Consent Decree.*

The defendants may argue that they have made considerable progress in the nearly fifty years since the inception of the consent decree. While the plaintiffs contest this characterization of the state of affairs, any alleged progress made by the defendants in areas such as diversity within the police force and community relations between the Hartford Police Department and the citizenry are a direct result of the Consent Decree. Without the Consent Decree, it is questionable whether the defendants would have entered into objectively positive progress at all and the parties can only speculate as to whether the defendants will continue to make any progress at all. With the Consent Decree, the parties can be sure the progress will continue to be at the very least pursued, even if not achieved.

### IV. CONCLUSION

For the foregoing reasons, the plaintiff hereby submits that there is good cause to not dissolve the Consent Decree and respectfully requests that this Court not dissolve the Consent Decree.

*Respectfully Submitted*

Sydney T. Schulman, Esq.
Schulman & Associates
10 Grand Street, Second Floor
Hartford, CT 06106
Federal Bar No. ct 00070
*Attorney for Plaintiffs*

### CERTIFICATION

3 |

## CERTIFICATION

THIS IS TO CERTIFY that on a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing immediately. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Atty. Joseph W. McQuade
Kainen, Escalera & McHale, P.C.
21 Oak Street, Suite 601
Hartford, CT 06106
jmcquade@kemlaw.com

Atty. Howard G. Rifkin
Corporation Counsel
City of Hartford
550 Main St.
Hartford, CT 06103
howard.rifkin@hartford.gov

Atty. Nathalie Feola-Guerrieri
Sr. Assistant Corporation Counsel
City of Hartford
550 Main St.
Hartford, CT 06103
FEOLN001@hartford.gov

_____
Sydney T. Schulman
Schulman & Associates
10 Grand Street, Second Floor
Hartford, CT 06106
Federal Bar No. ct 00070
*Attorney for Plaintiffs*

SCHULMAN & ASSOCIATES
ATTORNEYS AT LAW
10 GRAND STREET • HARTFORD, CONNECTICUT 06106 • (860) 522-2960 • FAX (860) 522-0130 • JURIS NO. 54691