UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIA CINTRON, | : | CIVIL ACTION NO. |
| LA CASA DE PUERTO RICO, ET AL | : | 3:69CV13578 (KAD) |
| PLAINTIFFS | : | |
| | : | |
| v. | : | |
| | : | |
| THOMAS VAUGHAN, ET AL | : | OCTOBER 24, 2022 |
| DEFENDANTS | : | |

## OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER

The Defendants respectfully submit this Opposition to Plaintiffs' Motion to Reconsider the decision to transfer this case from docket of Judge Bryant to the docket of Judge Dooley (Dkt. #275) ("Plaintiffs' Motion"). Plaintiffs' motion does not simply request reconsideration of the Court's sua sponte order transferring the case from Judge Bryant to Judge Dooley but it also seeks affirmative relief in the case. Plaintiffs' Motion should be denied.

I. BACKGROUND

This action was commenced in 1969 and alleged Constitutional violations by the Defendants (largely, Hartford police officers) on the basis of their race and/or ancestry. On or about June 18, 1973, the case was settled pursuant to a settlement stipulation with the Court retaining jurisdiction over the case. The requirements of the 1973 settlement stipulation revolved around the simple issuance of new or revised

directives or orders of the Hartford Police Department. In 2010, after prolonged and intensive negotiations before U.S. Magistrate Judge Joan Glazer Margolis, the parties reached a Settlement Agreement that was approved by U.S. District Judge Ellen Bree Burns on February 18, 2010. Since 2010, Magistrate Judge Margolis has met with the Parties numerous times to resolve any areas of conflict.

The 2010 Settlement Agreement also provided for (and Judge Burns entered) an Order to Show Cause why any consent decree in this case should not be dissolved. Any response to such Order to Show Cause is now due on October 31, 2022.

II. DISCUSSION

L. Civ. R. 7(c)(1) provides in part: "Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions. Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order." As Judge Underhill has stated: "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." In re Teva Secs. Litig., 2021 U.S. Dist. LEXIS 60195 at *20 (D. Conn. March 30, 2021) (citing, Virgin Atl. Airways, Ltd. V. National Mediation Board, 956 F.2d 1245, 1255 (2d Cir. 1992)). In this case, Plaintiffs have

2

not pointed to any decisions or data that the court overlooked in issuing its <u>sua sponte</u> decision to transfer this case from the docket of Judge Bryant to Judge Dooley. Likewise, Plaintiffs do not cite any intervening change of controlling law, the availability of new evidence or the need to correct a clear error or prevent a manifest injustice.

Plaintiffs do not provide any reason, beyond the convenience of the parties, for reconsideration. Plaintiffs' motion simply requests that this case be transferred to a Judge sitting in Hartford. None of the parties filed a motion seeking the transfer of this case away from Judge Bryant. Rather, the Court, of its own accord, transferred the case. Plainly, such a transfer lies within the discretion of the Court. <u>See e.g.</u>, L. Civ. R. 40(b)(1)(B). Plaintiffs do not suggest that such discretion was improperly exercised in transferring the case to Judge Dooley. Moreover, District Judges of this Court regularly adjudicate cases involving parties located in Hartford while sitting in other seats of court within the District (i.e., Bridgeport and New Haven). There is nothing unusual about this case that makes its adjudication in a seat of court other than Hartford especially onerous. Because Plaintiffs have not and cannot meet the high standard necessary for reconsideration, Plaintiffs' Motion should be denied.

Alternatively, Plaintiffs request: "(1) that the <u>Cintron v. Vaughn</u> consent decree not sunset until all matters contained herein are litigated; (2) that the matter be

returned to this Court with designation of a Special Master in Hartford, Connecticut to hear the claims of the parties and make a recommended ruling to the court; or (3) referral of the matter to a federal jurisdiction closer to Hartford inasmuch as all parties and witnesses are within the proximity to that court in Hartford, Connecticut." Plaintiff's Motion at 1-2. Such relief is plainly improper on a Motion to Reconsider. See, L. Civ. R. 7(c)(1).

Under the terms of the 2010 Settlement Agreement and Judge Burns' Order to Show Cause (as extended by the Court), the Plaintiff's have until October 31, 2022 in which to file any papers in response to the Order to Show Cause. In short, decision is not yet ripe on the issue of any "sunset" of any consent decree in this case. In the very near future, the Court may be called upon to address this issue but not yet. Moreover, the Court may be called upon to resolve such issue via the Order to Show Cause and any papers filed by the Parties. Because the Court has not yet been called upon to rule on such issues, there is nothing for the Court to reconsider.

Next, Plaintiffs seek the appointment of a Special Master. On October 10, 2022, Plaintiffs filed a Motion for Contempt (Dkt. #273). Under this Court's rules, a response is not due until October 31, 2022. L. Civ. R. 7(a)(2). Appointment of a Special Master, prior to the filing of Defendants' opposition papers, seems unwise. While the 2010 Settlement Agreement affords the Court discretion to appoint a

4

Special Master for contempt proceedings, there is no requirement to do so. Indeed, because Plaintiffs raise at least one issue in their Motion for Contempt about which the parties have not met and conferred, appointment of a Special Master is inappropriate under the terms of the 2010 Settlement Agreement. Moreover, it seems likely that Plaintiffs' Motion for Contempt can be summarily denied. Again, any decision on the appointment of a Special Master is not appropriate on Plaintiffs' Motion to Reconsider.

Finally, Plaintiffs essentially reiterate their primary wish to have the case transferred back to a Judge sitting in Hartford by requesting "referral of the matter to a federal jurisdiction closer to Hartford." Plaintiffs' Motion at 2. One assumes that, failing a transfer to a Judge sitting in Hartford, Plaintiffs would settle for a Judge sitting in New Haven. For the reasons stated above, Plaintiffs cannot meet the standard necessary to warrant reconsideration, much less, reversal of the Court's order.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Reconsideration should be denied.

Respectfully submitted,
DEFENDANTS,
THOMAS VAUGHN ET AL.

_____/s/_____
Howard Rifkin, Esq., ct29978
Corporation Counsel
Nathalie Feola-Guerrieri, Esq., ct17217
Assistant Corporation Counsel
City of Hartford
550 Main Street
Hartford, CT 06103

_____/s/_____
Joseph W. McQuade, Esq., ct12121
Kainen, Escalera & McHale, P.C.
21 Oak Street, Suite 601
Hartford, CT 06106

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 24th day of October, 2022, a copy of the foregoing Opposition to Plaintiffs' Motion to Reconsider was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties who have appearances as of the time of this filing, by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/
Joseph W. McQuade, ct12121

104154