## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIA CINTRON, <br> LA CASA DE PUERTO RICO, ET AL <br> PLAINTIFFS | : <br> : <br> : <br> : | CIVIL ACTION NO. <br> 3:69CV13578 (KAD) |
| v. | : <br> : | |
| THOMAS VAUGHAN, ET AL <br> DEFENDANTS | : <br> : | OCTOBER 31, 2022 |

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE AND MOTION TO DISSOLVE ANY CONSENT DECREE

The Defendants respectfully submit this Opposition to Plaintiffs' Response to Order to Show Cause (Dkt. # 276). Further, Defendants move to dissolve any consent decree or continuing obligations in this case.

### I. BACKGROUND

This action was commenced in 1969 and alleged Constitutional violations by the Defendants (at the time, largely, Hartford police officers) on the basis of their race and/or ancestry. On or about June 18, 1973, the case was settled pursuant to a Settlement Stipulation with the Court retaining jurisdiction over the case.

In 2010, after prolonged and intensive negotiations before U.S. Magistrate Judge Joan Glazer Margolis, the parties reached a Settlement Agreement that was approved by U.S. District Judge Ellen Bree Burns on February 18, 2010. Dkt. #277.

The 2010 Settlement Agreement provided for an end to the litigation of this case. In connection with the settlement, Judge Burns issued an Order to Show Cause stating: "Pursuant to a Settlement approved February 18, 2010, the Court ORDERS the parties to demonstrate good cause why any Consent Decree or any continuing duties arising out of the Settlement Stipulation approved by the Court in 1973 should not be dissolved. Any response to this Order must be filed with the court on or before October 31, 2014." Defendants agreed "not to file a Motion to Dissolve any Consent Decree prior to October 31, 2014." 2010 Settlement Agreement at ¶6.[1] Thereafter, the parties requested and the Court granted several extensions of such deadline—with the latest extension running to October 31, 2022.

No further extension of the Order to Show Cause has been filed. Accordingly, Plaintiffs filed their Response to Order to Show Cause ("Plaintiffs' Submission").

II. **DISCUSSION**

If this case is not the oldest case on the District of Connecticut's docket, it surely is one of the oldest cases on the docket. In 2010, Judge Burns entered an Order to Show Cause good cause why any Consent Decree or any continuing duties

---

[1] The Parties have disagreed for years as to whether there is any "consent decree" in this case. Plaintiffs contend that the 1973 Settlement Stipulation is a "consent decree." Defendants contend that no "consent decree" has been issued by the Court but concede that the Court chose to exercise jurisdiction over the case in order to ensure compliance with the settlement. See, 2010 Settlement Agreement at p.3, n.1.

2

arising out of the Settlement Stipulation approved by the Court in 1973 should not be dissolved. Defendants can point to no good cause to continue any continuing duties or any consent decree in this case. After more than 50 years of litigation, the time has come for this litigation to end and control over the Hartford Police Department to return to the people of Hartford.

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986), citing, Marbury v. Madison, 1 Cranch 137, 173-180 (1803). "For that reason, every federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review,' even though the parties are prepared to concede it." Id.

Additionally, the "Constitution limits the exercise of judicial power to 'cases' and 'controversies.'" Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239-241 (1937). "A 'controversy' in this sense must be one that is appropriate for judicial determination. A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy

3

admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Id. Certainly, this case involved a case or controversy when filed. At this point in time (53 years later), there does not appear to be a "real and substantial controversy" ripe for judicial review.

"Normally, when a case has concluded, courts no longer may intervene or supervise the parties unless '[e]nforcement of the settlement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.'" Juan F. v. Rell, 2010 U.S. Dist. LEXIS 162961 at *16-17 (D. Conn. Aug. 17, 2010), citing, Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 378 (1994). In 1973, the Court exercised its discretion to retain continuing jurisdiction over the settlement of the case.

At present, there is insufficient good cause or reason to continue to exercise jurisdiction over this settlement. The case was never tried to the Court or a jury. Defendants did not admit to liability. Rather, the case was settled in 1973 pursuant to a Settlement Stipulation and settled again in 2010 pursuant to a Settlement Agreement. The gravamen of the 1973 Settlement Stipulation involved the issuance of various Hartford Police Department orders and the enforcement of those departmental orders. The 1973 Settlement Stipulation was not particularly

4

complicated. Cf. Juan F. v. Rell, 2010 U.S. Dist. LEXIS 162961 at *6 (D. Conn. Aug. 17, 2010) (120-page Consent Decree with additional procedure and policy manuals implementing each section). In 2010, the settlement terms, again, were not particularly complicated. Moreover, the Court expressly issued the Order of Show Cause and provided Plaintiffs with four years in which to establish good cause as to why this case should continue. The Defendants agreed to extend that for an additional eight years—which the Court approved. The issues raised by Plaintiffs over the 12.5 year span from February of 2010 to the present are not the kinds of issues that normally give rise to federal jurisdiction. See e.g., Plaintiff's Motion for Contempt (Dkt. #273) & Defendants' Opposition thereto. Moreover, in that time, Connecticut law concerning police misconduct has changed substantially as has the City's approach to the issue. Not surprisingly, the conditions present in 1969 that led to federal jurisdiction are no longer present in 2022. Simply put, over 50 years of litigation has exhausted any basis for continuing jurisdiction over this matter.

Because Judge Burns issued the Order to Show Cause, the burden falls on the Plaintiffs to show that good cause exists to continue this case. Plaintiffs' Submission makes two arguments. First, Plaintiffs argue that because they filed a Motion for Contempt (Dkt. #273), any decision to dissolve any consent decree or continuing obligations in this case is premature. For the reasons stated in

5

Defendants' Opposition to Plaintiffs' Motion for Contempt, Plaintiffs' Contempt Motion can be denied in short order. The issues raised in the Motion for Contempt do not suggest a live controversy over which federal courts would normally exercise jurisdiction. Moreover, Plaintiffs' Motion for Contempt was filed on October 10, 2022 apparently for the purpose of preventing the dissolution of any consent decree or continuing obligations in this case. Plaintiffs' filing of the Motion for Contempt, in and of itself, does not constitute good cause for the continuation of this case.

Of course, if the Court were to entertain further proceedings on Plaintiffs' Motion for Contempt, Defendants would not object to the Court holding the Order to Show Cause in abeyance until Plaintiffs' Motion for Contempt was decided.

The second argument advanced in Plaintiffs' Submission is that any progress made by the Defendants is the direct result of this case. In particular, Plaintiffs argue that "any alleged progress made by the defendants in areas such as diversity within the police force and community relations between the Hartford Police Department and the citizenry are a direct result of the Consent Decree." Plaintiffs' Submission at 3. Even if one assumes that such a statement is true, that does not constitute good cause to continue this case. A hope that continuation of any consent decree in this case will lead to some societal good does not constitute a case or controversy appropriate for judicial determination.

6

Plaintiffs will not be harmed by the end of this case. Citizens who believe that their Constitutionally protected rights have been violated by members of the Hartford Police Department have access to the courts and can file a lawsuit—just as the original Plaintiffs in this case did. In the event that any such citizen files such a lawsuit, the Court will decide the case as it does virtually any other case.

Plaintiffs have failed to provide the Court with sufficient good cause to justify the continuation of the exercise of jurisdiction over this settlement. In the absence of good cause, Defendants move to dissolve any consent decree or continuing settlement obligations.

### III. **CONCLUSION**

For the foregoing reasons, Plaintiffs have failed to show good cause as to why any consent decree or continuing obligations in this case should not be dissolved. Any consent decree or continuing obligations in this case should be dissolved forthwith.

Respectfully submitted,
DEFENDANTS,
THOMAS VAUGHN ET AL.

/s/
Howard Rifkin, Esq., ct29978
Corporation Counsel
Nathalie Feola-Guerrieri, Esq., ct17217
Assistant Corporation Counsel
City of Hartford
550 Main Street
Hartford, CT 06103

/s/
Joseph W. McQuade, Esq., ct12121
Kainen, Escalera & McHale, P.C.
21 Oak Street, Suite 601
Hartford, CT 06106
(860)493-0870 (tel.)
(860)493-0871 (fax)
jmcquade@kemlaw.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 31st day of October, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties who have appearances as of the time of this filing, by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/
Joseph W. McQuade, ct12121

104230