UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARIA CINTRON et al.<br>*Plaintiffs*, | ) CASE NO. 3:69-CV-13578 (KAD)<br>)<br>) |
| v. | )<br>) |
| THOMAS VAUGHN et al.<br>*Defendants*. | ) September 8, 2023<br>) |

### ORDER DENYING MOTIONS FOR RECONSIDERATION
### [ECF NOS. 293 & 294]

Kari A. Dooley, U.S.D.J.

On April 14, 2023, the Court denied Plaintiffs' motion for contempt and motion for oral argument on the motion for contempt. In the same order, the Court granted Defendant's motion to dissolve the consent decree/stipulation[1] entered into in 1969 and later amended in 2010. Pending before the Court are Plaintiffs' Motions for Reconsideration as to each of these orders. The parties' familiarity with the substantive and procedural history of this case is presumed.

"A motion for reconsideration is committed to the sound discretion of the court." *Kregos v. Latest Line, Inc.*, 951 F. Supp. 24, 26 (D. Conn. 1996). In general, the three grounds justifying reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted). Motions for reconsideration "must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Rd. Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391–92 (S.D.N.Y. 2000). In other

---

[1] The parties do not agree as to the appropriate nomenclature for the settlement reached between the parties in connection with the proceedings commenced in 1969. Defendants consider the settlement a Stipulation, while Plaintiffs consider it a Consent Decree. Resolving this dispute was not necessary to resolving the then pending motions. For purposes of this order, the Court refers to the agreement as a consent decree.

words, "[a] motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." *SPGGC, Inc. v. Blumenthal*, 408 F. Supp. 2d 87, 91 (D. Conn. 2006) (internal quotation marks omitted).

Plaintiffs allege that the Court should reconsider its prior Order, ECF No. 292, in which the Court denied Plaintiffs' motion for contempt and motion for oral argument and granted Defendants' motion to dissolve any consent decree. *See* Mot. for Recons. of Order Regarding Mot. for Oral Arg. ("Mot. re: Oral Arg."), ECF No. 293; Mot. for Recons. of Order Denying Pls.' Mot. for Contempt and Granting Defs.' Mot. to Dissolve Any Consent Decree ("Mot. re: Contempt & Dissolution"), ECF No. 294. Plaintiffs argue that the Order should be reconsidered "in light of new evidence and the need to prevent manifest injustice." Mot. re: Oral Arg. at 4; *accord* Mot. re: Contempt & Dissolution at 3–4.[2]

In support of their motion for reconsideration, Plaintiffs put forth what is described as "newly discovered evidence" regarding Defendants' contempt of the Settlement Agreement. This evidence takes the form of an affidavit by Alyssa Peterson, a Hartford resident and former member of the "*Cintron* Negotiation Committee." *See* Ex. A to Mot. re: Oral Arg. ("Peterson Aff."), ECF No. 293-1. The affidavit discusses two alleged failures by the Hartford Police Department. First, that the Hartford Police Department's educational recruiting and local student pipeline "is not functioning as it was in 2010." *Id.* ¶ 5. And second, that budget cuts by Mayor Bronin in 2016 and 2017 resulted in "the greatest exodus of minority police officers in Hartford history, such that the current number of black police officers less than 12% in a city which is 85% black and brown." *Id.* ¶ 8. Plaintiffs assert that this affidavit "demonstrates the material failures of the Defendants to

---

[2] Plaintiffs also disagree that they did not comply with the procedural requirements of the consent decree before filing the motion for contempt. *See* Mot. re: Contempt & Dissolution at 4–6. Even if Plaintiffs' assertion is accepted as accurate, because the Court's ruling was premised on alternative bases, both of which were sufficient to deny the motion for contempt, reconsideration is not warranted on that basis.

2

effectively use the various modes of adequately forming their police department as established in the 2010 Supplement" to the 1969 Settlement Agreement. Mot. re: Oral Arg. at 5.

Plaintiffs also offer to supplement the record with additional evidence not presented during the pendency of the underlying motions, to include: an affidavit from Corrie Betts, President of the greater Hartford branch of the National Association for the Advancement of Colored People ("NAACP"), which expresses the NAACP's concern over the dissolution of the Consent Decree and recounts an instance of discriminatory actions by Hartford police officers, *see* Ex. E to Mot. re: Contempt & Dissolution ("Betts Aff.") ¶¶ 5–11, ECF No. 294-5, and an affidavit from Sherry Frazier, a Hartford Resident and participant in the NAACP, who recounts instances in which she "observed the failure of police in the City of Hartford to adequately protect its citizens." *See* Ex. G to Mot. re: Contempt & Dissolution ("Frazier Aff.") ¶¶ 3–4, ECF No. 294-7. Finally, Plaintiffs rely upon a study conducted by statisticians at Police Scorecard that shows that the Hartford Police Department is made up of "about twelve (12) percent black officers, and nineteen percent (19) Latinx/Hispanic officers." Mot. re: Contempt & Dissolution at 7.

While the Court is mindful of the affiants' and perhaps the larger community's concerns, none of this evidence is "new evidence" as would support reconsideration of the prior order, and nor can the Court properly consider it at this juncture. To support a successful motion for reconsideration, evidence must be "truly newly discovered" such that it "could not have been found by due diligence" during the pendency of the underlying motion. *See Palmer v. Sena*, 474 F. Supp. 2d 353, 355 (D. Conn. 2007). "A motion for reconsideration cannot be employed as a vehicle for asserting new arguments or for introducing new evidence that could have been adduced during the pendency of the underlying motion." *Id.* (internal quotations omitted).

Here, Plaintiffs offer affidavits by individuals who were known to or discoverable by Plaintiffs during the pendency of the underlying motions. The affidavits, collected only days after the issuance of the Court's Order, are an improper attempt by Plaintiffs to supplement the record and thereby obtain a "proverbial 'second bit at the apple.'" *Kopperl v. Bain*, No. 3:09-CV-01754 (CSH), 2016 WL 310719, at *3 (D. Conn. Jan. 26, 2016) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)); *see also Vineyard Vines, LLC v. MacBeth Collection, L.L.C.*, No. 3:14-CV-01096 (SALM), 2019 WL 140885, at *3 (D. Conn. Jan. 9, 2019) (noting that affidavits submitted in support of a motion for reconsideration were "not new," and instead were an attempt to "advance new facts, issues or arguments not previously presented to the Court"). Likewise, although the study by Police Scorecard cited by Plaintiffs may have been published the same day as the Court's Order, it cannot be claimed that the racial composition of the Hartford Police Department was unknown or could not have been discovered with reasonable diligence during the pendency of the underlying motions. Accordingly, the Court will not consider the newly submitted evidence at this juncture.

But even if considered, this evidence would not have altered the Court's analysis or prior ruling. The Court ruled that Plaintiffs failed to establish that any of the provisions of the consent decree allegedly violated were sufficiently "clear and unambiguous," for purposes of a contempt finding; that Plaintiffs submitted no evidence to support a finding of contempt, and Plaintiff failed to correct that deficiency for over six months while the motion was pending. The affidavits, while evincing the affiants' sincere beliefs that the Hartford Police Department has fallen short of its promise to recruit and promote diverse officers, do not provide the kind of "clear and convincing evidence" necessary to support a successful motion for contempt. *Cf. Latino Officers Ass'n City of N.Y., Inc. v. City of N.Y.*, 558 F.3d 159, 164–65 (2d Cir. 2009) ("Without more information to

support causation, and lacking any analysis from the plaintiffs' expert regarding the statistical significance of the disparities he identified . . . [p]laintiffs' showing falls far short of establishing that the NYPD is allow[ing] discrimination") (internal quotations omitted). Perhaps more to the point, the affidavits do not impact in any fashion the Court's determination that the portions of the consent decree relied upon were not so clear and unambiguous as to support a finding of contempt. As the Court ruled, the consent decree lacks clear and measurable benchmarks by which a federal court may properly assess and monitor compliance with the general obligation to continue to recruit and retain a diverse field of officers.

Plaintiffs also contend that the Court should reconsider its prior order because failing to do so would result in manifest injustice. This argument is largely an attempt to relitigate issues that have already been decided and to identify perceived flaws in the Court's conclusions. *See, e.g.*, Mot. re: Contempt & Dissolution at 6–7 (disputing the Court's finding that the Consent Decree does not contain clear and unambiguous benchmarks); *id.* at 8–10 (advancing further arguments regarding Defendants' alleged violations of the Consent Decree); Mot. re: Oral Arg. at 6 (disputing the Court's conclusion that oral argument was not warranted due to Plaintiffs' failure to submit any evidence in support of their motion). However, a motion for reconsideration is not an "opening of dialogue" for the movant "to advance new theories or adduce new evidence in response to the court's rulings," *De los Santos v. Fingerson*, No. 97-CV-3972 (MBM), 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998), nor is it an opportunity for the movant "to relitigate an issue that already has been decided," *New York v. Parenteau*, 382 F. App'x 49, 50 (2d Cir. 2010). The proper procedure for challenging the Court's order on such bases is through an appeal, should Plaintiffs elect to pursue one.

Plaintiffs also emphasize the articles and affidavits as demonstrating the importance of the role of the consent decree in diversifying the Hartford Police Department. *See* Mot. re: Contempt & Dissolution at 7–10. To be clear, the Court recognizes the immense importance of the consent decree at the time it was adopted and its impact on the diversification of the Hartford Police Department over the past five decades. However, for all of the reasons articulated in the Court's prior order, the Court's involvement in this case is no longer warranted. In 2010, all parties clearly articulated an intention that the consent decree was approaching the end of its usefulness and should sunset. The Court's order therefore simply brought across the finish line the dissolution that was contemplated by both the Court and the parties for over fourteen years. The next step in Plaintiffs' continuing, important, and commendable efforts to promote diversity in the Hartford Police Department lies not with this Court, but with the police department itself, the City of Hartford, and the greater Hartford community.

Plaintiffs' Motions for Reconsideration, ECF Nos. 293 & 294, are DENIED.

**SO ORDERED** at Bridgeport, Connecticut, this 8th day of September 2023.

         */s/ Kari A. Dooley*
         KARI A. DOOLEY
         UNITED STATES DISTRICT JUDGE